### In re George C. COTSIBAS and Diane T. Cotsibas, Debtor.

### Duane A. D'Agnese, Trustee for the Cotsibas Agency, Inc., Plaintiff,

### v.

### George C. Cotsibas, Defendant.

### Bankruptcy No. 99–13866–MWV. Adversary No. 00–1031–MWV.

United States Bankruptcy Court, D. New Hampshire.

April 26, 2001.

---

S. William Dahar, II, Victor W. Dahar, P.A., Manchesster, NH, for Plaintiff.

George C. Cotsibas, Tilton, NH, Pro Se.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The matter before the Court is an adversary proceeding brought by the Chapter 11 Trustee (the "Trustee") for Cotsibas Agency, Inc., against George Cotsibas (the "Debtor"), a former principal of the Cotsibas Agency, Inc., and the Debtor in this Chapter 7 case. The Trustee brought a motion for summary judgment which was heard by the Court on January 29, 2001, and thereafter taken under submission. Upon review of the pleadings and record in this adversary proceeding, the Court finds that summary judgment is appropriate with respect to Count V of the amended complaint seeking denial of the Debtor's discharge. Accordingly, the complaint is dismissed with respect to the remaining counts.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### BACKGROUND

On March 20, 2000, the Trustee brought a four-count complaint against the Debtor alleging various grounds to except certain debts from discharge pursuant to § 523 of the Bankruptcy Code. The complaint was properly served, and the Debtor, acting *pro se*, filed an answer generally denying the allegations. The parties appeared for a pretrial conference on May 9, 2000, and the Court issued a scheduling order setting discovery deadlines, deadlines for amending pleadings and filing dispositive motions, and setting a trial date.

Disputes regarding discovery matters arose between the parties. On July 26, 2000, the Debtor filed "Defendant's Motion to Compel Production of Documents," complaining that the Trustee, who holds approximately thirty boxes of financial records and documents of the Cotsibas Agency, Inc., was not providing documents as requested, but had instead instructed the Debtor that he could make copies of the documents at his own expense. On July 31, 2000, the Trustee filed an objection contending that the requests were unduly burdensome and filed his own "Plaintiff Trustee's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents." The Trustee complained that the Debtor failed to answer interrogatories and produce documents within thirty days of his request as required by Fed.R.Civ.P. 33 and 34. A hearing was held on August 17, 2000, at which the Court set parameters under which the Debtor would be able to view documents in the Trustee's possession and identify the documents needed for his defense. The Court also directed the Defendant to answer the interrogatories posed by the Trustee.

Unfortunately, the Court's efforts did not end the disputes, and on September

26, 2000 the Trustee filed a motion to compel the Debtor to comply with the Court's August 27, 2000 directive. The Trustee complained that the Debtor did not make a good faith effort to review the documents, but merely instructed a representative of the Trustee to copy the contents of nineteen boxes of documents. Again, the Court held a hearing on October 19, 2000, at which it ordered the Trustee to conduct his own review of the documents in the boxes identified by the Debtor and provide copies of what *he* felt were the relevant materials. The Court also ordered that the Trustee could amend his complaint to include a count seeking denial of the Debtor's discharge for his failure to comply with the Court's previous order. The Court then issued an amended scheduling order setting new discovery deadlines and a new trial date.

On November 16, 2000, in accordance with the Court's October 19, 2000 order, the Trustee filed a motion to amend his complaint, which was granted by the Court. The amended complaint adds a fifth count which seeks denial of discharge pursuant to § 727(a)(6)(A) for failure to comply with discovery orders. The Trustee references his prior discovery disputes with the Debtor and also alleges that the Debtor's actions were purposefully designed to "exhaust all of the Estate's assets by perpetuating this adversary action and frustrating the discovery process through continued unreasonable demands." *See* Trustee's First Amended Complaint, Court Doc. 19 at ¶ 69.

The record in this adversary reveals that the Debtor was served with the motion to amend the complaint and the amended complaint. However, he has failed to answer or otherwise file any motion relating to the amended complaint. Furthermore, as of December 14, 2000, as evidenced by the Trustee's motion to extend discovery deadlines, the Debtor had still failed to answer the interrogatories propounded on June 6, 2000, more than six months earlier.

On December 22, 2000, the Trustee filed a motion for summary judgment on all counts of the amended complaint. As to the added fifth count seeking a denial of discharge, the motion asserts that the pleadings set out allegations that the Debtor willfully disregarded the orders of the Court pertaining to discovery. The motion is accompanied by an affidavit of the Trustee. The Debtor filed a three-sentence response to the summary judgment motion. The response does not address the specific allegations, but asserts that at all times he acted in good faith and that his version of events differ from those described by the Trustee's affidavit.

## DISCUSSION

The Trustee seeks summary judgment on each count of the complaint. The Court will consider Count V first, however, as it seeks a denial of the Debtor's discharge. The remaining counts, which each seek an exception from discharge pursuant to § 523 of the Bankruptcy Code, thus are dependant upon the outcome of Count V.

### I. Count V.

■ Count V of the Amended Complaint seeks denial of the Debtor's discharge for alleged willful failure to comply with this Court's orders pertaining to discovery. Section 727(a)(6)(A) prevents a debtor from receiving a discharge when the debtor has "refused ... to obey any lawful order of the court, other than an order to respond to a material question or to testify."

The parties to this adversary proceeding are bound by the Federal Rules of Bankruptcy Procedure. The Court has counseled the Debtor on numerous occasions

that he would not be excused from compliance with the rules because he is acting *pro se*. The Court has even admonished that failure to obtain counsel could seriously prejudice his ability to defend against the very grave allegations made by the Trustee. Unfortunately, the Court's warnings failed to persuade the Debtor, and he has acted on his own account to his peril.

Rule 7015 of the Federal Rules of Bankruptcy Procedure makes applicable Rule 15 of the Federal Rules of Civil Procedure, which governs amendments to pleadings. Rule 15(a) permits a party to amend a pleading after the response to the original pleading has been served by obtaining leave of court. The adverse party is then given ten days to respond to the amended pleading. Here, the Trustee properly filed a motion to amend his complaint on December 14, 2000, and the Court granted the motion on December 15, 2000. The motion, the amended complaint and the order granting the motion were all served on the Debtor, but the Debtor failed to respond in any manner.

Rules 7 and 8 of the Federal Rules of Civil Procedure are made applicable to this adversary proceeding by Federal Rules of Bankruptcy Procedure 7007 and 7008. Rule 7(a) requires that an answer be filed in response to a complaint. Rule 8(d) governs the effect of a party's failure to respond to a pleading: "Averments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading." The Debtor is not required to replead his denials to the allegations made in Counts I through IV of the amended complaint,which were copied verbatim from the original complaint. *See Anthem Life Ins. Co. v. Izaguirre (In re Izaguirre)*, 166 B.R. 484, 489 (Bankr. N.D.Ga.1994) ("The failure to deny the same allegations in an amended complaint does not constitute an admission pursuant

to Federal Rule of Civil Procedure 8(d) where the original complaint contained substantially the same allegations and the defendant denied them in the answer to that complaint."). However, Count V, seeking to deny the discharge, was not plead in the original complaint and thus required a responsive pleading. The Debtor failed to answer the pleading and has provided this Court no explanation for his failure to do so.

In Count V of the complaint, the Trustee alleges the following:

1. The Court's August 17 order responding to the motion to compel discovery ordered the Debtor to go to the Trustee's office to identify documents needed for his defense;

2. The Debtor did not comply with the order in good faith, instead he merely identified complete boxes he wished copied, thus prompting the Trustee to file a second motion to compel;

3. The Debtor expressed his intent to the Trustee that he was intentionally attempting to exhaust the estate's assets by frustrating the discovery process through unreasonable demands;

4. The Debtor's intentional failure to comply with the Court's orders was malicious and grounds to deny his discharge pursuant to § 727(a)(6)(A) of the Bankruptcy Code.

*See* Trustee's First Amended Complaint, Count V. Pursuant to Federal Rule of Civil Procedure 8(b), each of these averments is deemed admitted by the Debtor because of his failure to answer the amended complaint.

The next question is whether the Trustee should be awarded summary judgment on his § 727(a)(6)(A) claim given the above admissions. Summary judgment is appropriate when "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(d) (made applicable by Fed. R. Bankr.P. 7056). Section 727(a)(6)(A) bars a debtor from receiving a discharge where the debtor has "refused ... to obey any lawful order of the court." Thus, the Court must determine whether the above admissions and the rest of the record properly before it satisfy the elements of § 727(a)(6)(A) and entitle the Trustee to judgment as a matter of law.

■ The word "refuse" in § 727(a)(6)(A) requires the Court to go further than to simply find that a debtor failed to comply with a discovery request. Rather, it must find that the disobedience was willful or intentional. *Wilmington Trust Co. v. Jarrell (In re Jarrell)*, 129 B.R. 29, 33 (Bankr. D.Del.1991). The complaint before the Court alleges that the Debtor has failed to act in good faith in responding to the Court's discovery orders. The Trustee further alleges that the Debtor's delays were intentional and malicious attempts to exhaust the assets of the estate. Because the Debtor failed to answer these allegations and, thus, they are deemed admitted pursuant to the Federal Rules of Civil Procedure, there is no genuine issue of material fact on the issue of whether the Debtor's actions were willful or intentional.

■ The only remaining issue for the Court to determine is whether, though admitted, the Debtor's actions rise to the level sufficient to warrant a denial of discharge. Whether particular violations of its orders are so serious as to warrant a denial of discharge is a matter that is within the Court's discretion. *Devers v. Bank of Sheridan, Montana (In re Devers)*, 759 F.2d 751, 754 (9th Cir.1985). *See also Commerce Bank & Trust Co. v. Burgess (In re Burgess)*, 955 F.2d 134, 138 (1st Cir.1992) (The bankruptcy judge who issues an order is in the best position to evaluate whether a delay in compliance warrants denial of discharge). A review of the record in this adversary proceeding reveals that the Court has been forced to intervene on several occasions in what should be the relatively simple preliminary matter of exchanging documents and interrogatories. These disputes have forced the Court to hold two hearings on discovery disputes causing a continuance in the trial date and several extensions of discovery deadlines. As a result of those hearings, in an effort to move discovery forward, the Court issued orders compelling the Debtor to respond to the Trustee's interrogatories and essentially directing the Trustee to conduct the Debtor's discovery for him. Apparently however, the Court's orders have had no effect as various pleadings and motions indicate that to date no discovery has been conducted.[1]

This Court takes very seriously actions by parties before it that unnecessarily delay and frustrate the bankruptcy process. Such actions cause the parties to needlessly incur legal costs, drain the bankruptcy estate of its limited assets, and force the Court to defer time and attention away from other matters. Furthermore, when it is the Debtor who engages in the dilatory conduct, this Court questions whether his motivation is obtaining a fresh start or whether he is interested in avoiding the orderly administration of his bankruptcy estate. It was this Court's recognition of

---

**1.** On December 14, 2000, the Trustee filed a motion to further extend discovery deadlines beyond the dates set in the Court's second pretrial scheduling order. The motion, which was assented to by the Debtor, stated that the Debtor had yet to respond to the interrogatories first served on June 6, 2000.

the seriousness of such actions that led it to invite the Trustee to amend his complaint to add the § 727(a)(6)(A) count. Because the Debtor failed to comply with the rules of civil procedure, the Court must accept as true the Trustee's allegations that these delays are the result of the Debtor's bad faith and malicious attempt to exhaust the estate's assets. The Court finds that such behavior on the part of the Debtor is more than sufficient to warrant a denial of his discharge. Accordingly, the Trustee's motion for summary judgment on Count V of the amended complaint is granted and the Debtor is denied his discharge.

## II. Counts I—IV.

The remaining counts seek to except certain unliquidated debts from discharge pursuant to § 523(a)(4) and § 523(a)(6) of the Bankruptcy Code. Because the Debtor's discharge has been denied, these counts are moot. Pursuant to § 362(c), the automatic stay is lifted and creditors are free to pursue any claims against the Debtor in a proper forum. Creditors will receive notice of the order denying the Debtor's discharge pursuant to Fed. R. Bankr.P. 4006.

### CONCLUSION

Summary judgment is awarded to the Trustee on Count V of his amended complaint. Accordingly, the Defendant's discharge is denied pursuant to § 727(a)(6)(A) of the Bankruptcy Code. The remaining counts are dismissed without prejudice. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.